UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HUGUETTE NICOLE YOUNG,

    Petitioner,

  v.

CITY OF SAN FRANCISCO,

    Respondent.

Case No. 14-cv-4778-TEH

ORDER OF DISMISSAL WITH LEAVE TO AMEND

Petitioner, Huguette Nicole Young, has filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging a judgment of conviction from the San Francisco County Superior Court. Petitioner has paid the filing fee.

I

Petitioner was found guilty after a jury trial of two counts of depriving a lawful custodian of the right to child custody. Petitioner was sentenced to one year in county jail, three years of probation, and a three year stay away order from the children. The California Court of Appeal affirmed her conviction and modified the judgment. The California Supreme Court denied review.

II

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

Petitioner asserts the following claims: (1) penal law section 287.5 is overly broad and violates due process; (2) the term 'maliciously' in § 287.5 is vague and violates due process; (3) the trial court erred in imposing the three year stay away order; (4) the state enforces unconstitutional family laws; (5) the prosecution argued evidence that was incorrect; (6) improper jury instructions; (7) she was arrested without a warrant; (8) there was misleading audio evidence introduced at trial; (9) the assignment of the trial judge was improper; (10) the jury was improperly selected; and (11) ineffective assistance of counsel.

Petitioner indicates that she filed a direct appeal that was denied by the California Court of Appeal and the California Supreme Court later denied review. There is no indication that she filed any state habeas petitions. Petitioner has not included the briefs filed in state court but the Court has reviewed the denial by the California Court of Appeal. People v. Young, No. A132461, 2012 WL 222530 (Cal. Ct. App. Jan. 22, 2013). It appears that many of the claims in this federal petition have not been exhausted.[1]

---

[1] Liberally construed, it appears from the California Court of Appeal opinion that claims one, three, six, and eleven were raised on direct appeal.

2

Before she may challenge either the fact or length of her confinement in a habeas petition in this court, Petitioner must present to the California Supreme Court any claims she wishes to raise in this court.  See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).  The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted.  Id.  When faced with a post-AEDPA mixed petition, the district court must sua sponte inform the habeas petitioner of the mixed petition deficiency and provide her an opportunity to amend the mixed petition by striking unexhausted claims as an alternative to suffering dismissal before the court may dismiss the petition. Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing Rhines v. Weber, 544 U.S. 269, 277 (2005)) (court's erroneous dismissal of mixed petition entitled petitioner to equitable tolling of one-year AEDPA statute of limitations from the date the first habeas petition was dismissed until the date the second habeas petition was filed).

Because this appears to be a mixed petition, Petitioner will be given the opportunity to proceed in one of three ways. Petitioner may file an amended petition that demonstrates all the claims have been properly exhausted.  Petitioner may file an amended petition containing only the exhausted claims or she may file a motion to stay this action pending exhaustion of the unexhausted claims in state court.

In Rhines v. Weber, 544 U.S. 269 (2005) the United States Supreme Court found that a stay and abeyance of a mixed federal

petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation.  Rhines, supra, at 277-78.

If Petitioner wishes to stay this action, she shall file a motion addressing the Rhines factors.  In the alternative, Petitioner may file a motion for a stay pursuant to the three-step procedure outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) and King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).  A Petitioner seeking to avail himself of the Kelly three-step procedure is not required to show good cause, as under Rhines, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both Mayle v. Felix, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and Duncan v. Walker, 533 U.S. 167 (2001), by complying with the statute of limitations.  King, 564 F.3d at 1141-43 (finding district court's dismissal of unexhausted claims was improper because petitioner was not required to show good cause to avail himself of the Kelly three-part procedure but affirming the dismissal as harmless because the unexhausted claims did not relate back to the claims in the original petition that were fully exhausted at the time of filing).  However, no statute of limitations protection is imparted by such a stay, nor are exhausted claims adjudicated during the pendency of such a stay.

III

For the foregoing reasons and for good cause shown,

1. The Petition is DISMISSED WITH LEAVE TO AMEND within twenty-eight days for Petitioner to either demonstrate to the Court that all claims are exhausted, dismiss the unexhausted claims, or file a motion stay following either the <u>Rhines</u> or <u>Kelly</u> procedures as described above.  Failure to file a response within twenty-eight days of this order will result in the dismissal of this action without prejudice.

2. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner also must keep the Court and all parties informed of any change of address by filing a separate document entitled "Notice of Change of Address."

IT IS SO ORDERED.

Dated: 06/02/2015

_____
THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.14\ Young4778.dwlta.docx