1

2

3

4              UNITED STATES DISTRICT COURT

5            NORTHERN DISTRICT OF CALIFORNIA

6

7   HUGUETTE NICOLE YOUNG,              Case No.   14-cv-4778-TEH

        Petitioner,
8
                                        ORDER OF DISMISSAL AND DENYING
9       v.                              CERTIFICATE OF APPEALABILITY

10  CITY OF SAN FRANCISCO,              Re: Dkt. Nos. 25, 26

        Respondent.
11

12

13       Petitioner, Huguette Nicole Young, proceeds with a pro se

14  Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254,

15  challenging a judgment of conviction from the San Francisco

16  County Superior Court.  The amended petition was dismissed with

17  leave to amend and Petitioner has filed a second amended

18  petition.

19                              I

20       Petitioner was found guilty after a jury trial of two counts

21  of depriving a lawful custodian of the right to child custody.

22  Petitioner was sentenced to one year in county jail, three years

23  of probation, and a three year stay away order from the children.

24  The California Court of Appeal affirmed her conviction and

25  modified the judgment.  The California Supreme Court denied

26  review.

27

28

II

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

The original petition that was dismissed with leave to amend asserted the following claims:  (1) penal law section 287.5 is overly broad and violates due process; (2) the term 'maliciously' in § 287.5 is vague and violates due process; (3) the trial court erred in imposing the three year stay away order; (4) the state enforces unconstitutional family laws; (5) the prosecution argued evidence that was incorrect; (6) improper jury instructions; (7) she was arrested without a warrant; (8) there was misleading audio evidence introduced at trial; (9) the assignment of the trial judge was improper; (10) the jury was improperly selected; and (11) ineffective assistance of counsel.

Petitioner indicated that she filed a direct appeal that was denied by the California Court of Appeal and the California Supreme Court later denied review.  There was no indication that she filed any state habeas petitions.  Petitioner had not included the briefs filed in state court but the Court reviewed the denial by the California Court of Appeal.  People v. Young, No. A132461, 2012 WL 222530 (Cal. Ct. App. Jan. 22, 2013).  It

appeared that many of the claims in the federal petition had not been exhausted.[1]

The original petition was dismissed with leave to amend for Petitioner to demonstrate that all claims had been exhausted, file an amended petition with only exhausted claims, or file a motion to stay. Petitioner then filed an amended petition but failed to follow the Court's instructions.

The amended petition was more than 1000 pages in length and sought relief outside of § 2254. Petitioner sought money damages and relief regarding the family court case and several officials involved with that case. Where the original petition contained 11 claims, the amended petition contained 20 claims many of which were unexhausted and many which were not proper federal habeas claims.

Petitioner was again informed that she had multiple options because it was a mixed petition. She could file a second amended petition containing only exhausted claims. These were the claims that were presented to the California Supreme Court after the California Court of Appeal denied her appeal in People v. Young, No. A132461, 2012 WL 222530 (Cal. Ct. App. Jan. 22, 2013). Or Petitioner could file a motion to stay as discussed in the prior screening order.

Petitioner has now submitted a second amended petition (Docket No. 26). The second amended petition raises several issues that are beyond the scope of federal habeas review. To

---

[1] Liberally construed, it appeared from the California Court of Appeal opinion that claims one, three, six, and eleven were raised on direct appeal.

United States District Court
Northern District of California

the extent Petitioner also seeks advice on how to proceed, the Court cannot provide legal advice.  The Supreme Court has made it clear that the court has "no obligation to act as counsel or paralegal to pro se litigants."  Pliler v. Ford, 542 U.S. 225, 231 (2004).

The second amended petition also includes five claims: (1) the district attorney's office charged Petitioner with depriving a lawful custodian of the right to child custody in retaliation for her challenges to California's family law system and her public criticism of the pharmaceutical and tobacco industries and these charges were made without a grand jury indictment; (2) Petitioner lost her right to 50% custody of her children in retaliation for voicing her opinions discussed above; (3) an investigator for the district attorney's office determined that Petitioner's husband had a right to spank their children; (4) in 2000 the California Supreme Court denied review after the California Court of Appeal changed a jury award to Petitioner from $200,000 to $1; and (5) California levied a $1,900 tax debt against Petitioner.

Before she may challenge either the fact or length of her confinement in a habeas petition in this court, Petitioner must present to the California Supreme Court any claims she wishes to raise in this court.  See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).  The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted.  Id.  When faced with a post-AEDPA mixed petition, the district court must sua

4

sponte inform the habeas petitioner of the mixed petition
deficiency and provide her an opportunity to amend the mixed
petition by striking unexhausted claims as an alternative to
suffering dismissal before the court may dismiss the petition.
Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing
Rhines v. Weber, 544 U.S. 269, 277 (2005)) (court's erroneous
dismissal of mixed petition entitled petitioner to equitable
tolling of one-year AEDPA statute of limitations from the date
the first habeas petition was dismissed until the date the second
habeas petition was filed).

However, a fully unexhausted federal habeas petition may not
be stayed and must be dismissed.  See, e.g., Rasberry v. Garcia,
448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully
unexhausted petition may not be stayed and observing: "Once a
district court determines that a habeas petition contains only
unexhausted claims, it need not inquire further as to the
petitioner's intentions.  Instead, it may simply dismiss the
habeas petition for failure to exhaust."); Jones v. McDaniel, 320
Fed. Appx. 784, 786 (9th Cir.2009) (affirming the dismissal of a
fully unexhausted petition and denial of a stay, because a
"Rhines stay is only available for a mixed habeas petition where
at least some of the claims have been exhausted, and none of
[petitioner's] claims were exhausted").

All the claims in the second amended petition have not been
exhausted and many of them fail to present cognizable federal
habeas claims.  Because the second amended petition is fully
unexhausted and Petitioner has already been provided multiple
opportunities to continue with available exhausted claims or file

a stay, this case is dismissed.[2]

III

    For the foregoing reasons and for good cause shown,

    1.  The motion for an extension (Docket No. 25) is GRANTED and the second amended petition is deemed timely filed.

    2.  The motion (Docket No. 26) is DENIED and the second amended petition is DISMISSED and the Clerk shall close this case.

    3.  Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is DENIED. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).

    IT IS SO ORDERED.

Dated: 01/07/2016

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.14\Young4778.dsm2.docx

---

[2] The second amended petition also states in the caption it is a motion to stay, however Petitioner presents no arguments why she is entitled to a stay and the petition only contains unexhausted claims which cannot be stayed.

United States District Court
Northern District of California